[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
Although the amended complaint goes on for fifteen counts, what this action boils down to is a suit on a note.
William Price was the sole proprietor of a tool and die operation and was doing business as Super Tool and Die Co. In connection with that business, he had incurred various debts including an income tax obligation. To stave off his creditors and to keep the business going on September 23, 1982, he borrowed $20,000 from the plaintiff. He gave the plaintiff his note for that amount payable on December 23, 1982 together with interest at the rate of 19% per annum. That note was renewed by a second note dated September 23, 1982 in the amount of $20,000 payable on or before July 31, 1984, together with interest at the same rate. That note was again renewed on August 1, 1984 in the amount of $24,148.48, the increase representing unpaid interest, payable March 25, 1985. This renewal note again called for interest at 19% per annum, but interest was to be compounded daily. The plaintiff had borrowed $5,000 from a credit union to raise part of the cash for the original loan, and the August 1, 1984 note required Price to reimburse the plaintiff for interest he had to pay the credit union, which is stated to be 15.5% per annum compounded weekly from September 23, 1982. There is no statement as to what interest had in fact been earned by the credit union. That note was again renewed on August 1, 1986, stating a principal balance due of $29,860.70, $9,860.70 of which represented accrued and unpaid interest. This fourth note called for interest at 12% per annum. No reference is made to the credit union loan so it is a fair inference that the $9,860.70 included whatever had been paid to the credit union. The fourth note was to be paid in monthly installments of $300 until the entire obligation was paid, such installments to commence on "the first day of the month next after my residence at 887 Oronoke Road, Waterbury, Connecticut is sold". There are various provisions for acceleration, only one of which is relevant, it being "the failure by the maker to make any payment hereunder within 15 days after it is due." Each of the series of notes provide for costs of collection, including a reasonable attorney's fee. The property at 887 Oronoke Road was sold on June 24, 1987. Various payments on account had been made by Price to the plaintiff but no payments after August 1, 1986 were placed in evidence. At same point in time Price executed a note payable to the plaintiff bearing date of September 23, 1982, CT Page 6849 the same date as the first of the four notes, above listed, promising to pay $20,000 to the plaintiff on June 30, 1986 with interest at 12% per annum. The purpose of this note is obscure but in any event it was superseded by the note of August 1, 1986.
The defendants have interposed as a special defense that the first three notes were usurious in violation of Connecticut General Statutes 37-4 as the interest rate was 19% and the fourth note was likewise usurious insofar as it incorporated interest computed at a usurious rate. However, I am satisfied that the transaction comes within an exception provided in Connecticut General Statutes 37-9 (4) insofar as the loan exceeded $10,000 and was made to an individual engaged primarily in industrial pursuits and the proceeds where utilized in Price's business and not for consumer purposes. Therefore I conclude that William Price is obligated to the plaintiff on the August 1, 1986 note in the principal amount of $29,860.70 together with interest at the rate of 12% per annum from August 1, 1986 to the date of judgment in this action.
On or about September 9, 1983, William Price formed a corporation known as Super Tool Die Co., Inc., and he transferred to it much of the machinery and equipment he had owned while operating as a sole proprietorship in return for 100% of the stock. He became Secretary and Director. His wife, Sandra Price, who had had no connection with the sole proprietorship, became President. On or about October 29, 1986, he granted the plaintiff an interest in certain machinery as security for the note of September 23, 1982. The second count alleges in effect fraud on the part of Price in that the listed machinery was not owned by him but by the corporation. I accept Price's testimony that the security interest he granted was on machinery which he had retained and not transferred. This also disposes of the remaining counts.
Judgment may enter for the plaintiff against William Price on the first count as above noted, and for all defendants on the second through the fifteenth counts, costs to be taxed. I find a reasonable attorney's fee to be $5,000 which is also awarded to the plaintiff.
J. HEALEY, STATE TRIAL REFEREE